**Affirmed as Modified; Opinion Filed July 21, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-16-01272-CR
No. 05-16-01273-CR

**TOMAS VILLASENOR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause Nos. 15-10493-422-F, 15-10494-422-F**

## MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Evans
Opinion by Justice Evans

Tomas Villasenor waived a jury and pleaded guilty to two indecency with a child by sexual contact offenses. After finding appellant guilty, the trial court assessed punishment at ten years' imprisonment in each case. On appeal, appellant's attorney filed a brief in which she concludes the appeals are wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 811–12 (Tex. Crim. App. [Panel Op.] 1978). Counsel delivered a copy of the brief to appellant. We advised appellant of his right to file a pro se response, but he did not file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (noting appellant has right to file pro se response to *Anders* brief filed by counsel).

We have reviewed the record and counsel's brief. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). We agree the appeals are frivolous and without merit. We find nothing in the record that might arguably support the appeals.

Although not an arguable issue, we note the trial court's judgments incorrectly recite there were plea bargain agreements in these cases. The record, however, shows appellant entered open guilty pleas to the charges in each indictment. Accordingly, on our own motion, we modify the section of the judgments entitled "terms of plea bargain" to show "open." TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (courts of appeals have authority to modify a judgment); *Estrada v. State*, 334 S.W.3d 57, 63–64 (Tex. App.—Dallas 2009, no pet.).

As modified, we affirm the trial court's judgments.

/David W. Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
161272F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TOMAS VILLASENOR, Appellant

No. 05-16-01272-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 422nd Judicial District Court, Kaufman County, Texas
Trial Court Cause No. 15-10493-422-F.
Opinion delivered by Justice Evans. Justices Bridges and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "Open."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered this 21st day of July, 2017.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TOMAS VILLASENOR, Appellant

No. 05-16-01273-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 422nd Judicial District
Court, Kaufman County, Texas
Trial Court Cause No. 15-10494-422-F.
Opinion delivered by Justice Evans. Justices
Bridges and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "Open."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered this 21st day of July, 2017.